GOODNOW *v.* BOND.

A declaration on a written promise to pay the debt of a third person must allege a good consideration for the promise.

The recital of a consideration in a written promise to pay the debt of another is not necessary to its sufficiency as a memorandum within the meaning of the statute of frauds.

ASSUMPSIT, on this writing:

EAST SULLIVAN, Dec. 31, 1875.

I promise to pay D. W. Goodnow, collector, one hundred and thirty-two and 27-100 dollars, on demand, for taxes due the town of Sullivan from John N. Grout, for the year 1875.

L. S. BOND.
N. G. LYMAN.

The writ described the plaintiff as collector of taxes, and the first count alleged that the defendant and N. G. Lyman, by their writing, jointly and severally promised to pay the plaintiff one hundred and thirty-two dollars and twenty seven cents on demand. The writing was also declared on as a promissory note, and there were the common money counts.   Plea, the general issue.   The defendant excepted to the allowance of an amendment of the first count, alleging the consideration of the promise to be the plaintiff's refraining, at their request, from levying upon and advertising for sale the property of John N. Grout.   The defendant also excepted to the admission of the writing in evidence, the signatures being admitted, and to the admission of evidence, outside the writing, of the consideration alleged.   The question reserved was the plaintiff's right to recover.

*Faulkners & Batchelder*, for the plaintiff.

*Woodward*, for the defendant.

ALLEN, J.    The writing declared on is an agreement to pay the taxes of a third person, and is not a promissory note.    The facts do not support the common money counts, and a special declaration is necessary.    *Knight* v. *Knight*, 16 N. H. 107.    The amendment alleging a consideration does not introduce a new cause of action, is necessary, and was properly allowed.    *Greenleaf* v. *Burbank*, 13 N. H. 454;    *Gove* v. *Newton*, 58 N. H. 359.    The written contract contained a promise of the defendant to pay the plaintiff the debt of a third person, and was a sufficient memorandum, within the meaning of the statute of frauds of this state, without reciting a consideration for the promise.    *Britton* v. *Angier*, 48 N. H. 420;    *Packard* v. *Richardson*, 17 Mass. 122.    The defendant's signature being admitted, the writing was competent proof of the promise, and the consideration could be proved by extraneous evidence.

If there had been no memorandum, there would have been a question whether the consideration, alleged and proved, was sufficient to take the case out of the statute,—whether it was distinct from and independent of the original debt, and passed between these parties.    *Allen* v. *Thompson*, 10 N. H. 32;    *Robinson* v. *Gilman*, 43 N. H. 485, 492;    *Britton* v. *Angier*, 48 N. H. 420, 425.    In *Gove* v. *Newton*, supra, no question was raised upon the statute of frauds.    It was probable, although not alleged, that Newton (as administrator) derived a benefit from Gove's forbearance.    And in this case it is probable that, upon facts not stated, the defendant would be liable on the same ground without a memorandum.    But the memorandum being sufficient to satisfy the statute, the damage to the plaintiff in refraining from levying on Grout's property, at the defendant's request, was a sufficient consideration for the defendant's promise to pay Grout's taxes.    *Bank* v. *Colcord*, 15 N. H. 119, 124;    *Gove* v. *Newton*, supra; *Jennison* v. *Stafford*, 1 Cush. 168.    The plaintiff can recover.

                                                  *Case discharged.*,

CLARK, J., did not sit : the others concurred.